**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **NATIONAL ASSOCIATION OF STATE CONTRACTORS' LICENSING AGENCIES** | **PLAINTIFF** |
| vs. | **CIVIL ACTION NO.:** 5:25-cv-47-DCB-BWR |
| **LOUISIANA CONTRACTORS LICENSING SERVICE, INC., A LOUISIANA CORPORATION AND RONALD SQUYRES AND GLENDA SQUYRES, HUSBAND AND WIFE** | **DEFENDANTS** |

**COMPLAINT**

**(JURY TRIAL REQUESTED)**

Plaintiff NATIONAL ASSOCIATION OF STATE CONTRACTORS' LICENSING AGENCIES (hereinafter "NASCLA"), through its undersigned counsel, for its Complaint against Defendants listed above, alleges as follows:

**I.    THE PARTIES**

1.    Plaintiff NATIONAL ASSOCIATION OF STATE CONTRACTORS' LICENSING AGENCIES (hereinafter "NASCLA"), is an Arizona Non-profit corporation with its principal place of business at 23309 N. 17th DRIVE, BUILDING 1, UNIT 110, Phoenix, AZ 85027.

2.    Upon information and belief, Defendant LOUISIANA CONTRACTORS LICENSING SERVICE, INC. (hereinafter "LCLS"), is a Louisiana corporation with a its principal place of business located at 2834 South Sherwood Forest Boulevard, Suite D-2, Baton Rouge, LA 70816.

1

3.       Upon information and belief, Defendant Ronald Squyres and Defendant Glenda Squyres (hereinafter collectively "Squyres"), husband and wife, are President and Secretary/Treasurer of LCLS, respectively, and reside at 12118 Lake Lora Circle, Baton Rouge, LA 70816.

4. `      Upon information and belief, Squyres owned and/or controlled LCLS and co-owned, controlled, and managed along with LCLS, and thus, LCLS and Squyres (hereinafter "Defendants") should be jointly and severally liable for any and all of such Defendants' improper and unlawful acts that caused harm and loss to NASCLA, as fully described herein.

## II.    JURISDICTION AND VENUE

5.       This is an action for copyright infringement arising under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

6.       This Court has jurisdiction of this action under, *inter alia*, 28 U.S.C. § 1331 (district courts have original jurisdiction of all civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (district courts have original jurisdiction over any civil action arising under any act of Congress relating to copyrights).

7.       This Court has personal jurisdiction over Defendants because, upon information and belief, all Defendants are conducting business in and having continuous and systematic contacts with the State of Mississippi, and all Defendants reside within one hundred (100) miles of the US District Court located in Natchez, Mississippi.

8.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to the Court's personal jurisdiction and a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this District.

8. Plaintiff NASCLA has a validly registered copyright for the "NASCLA Accredited Electrical Examination Program – All Items for Entire Program" (hereinafter "NASCLA Copyright") containing questions found to be copyrightable, which are the subject of this lawsuit, as issued by the United States Library of Congress, Copyright Office, and having an effective registration date of July 13, 2018, as TXu 2-149-801. A copy of the Certificate of Registration is attached as Exhibit "A".

### III. PLAINTIFF NASCLA'S BUSINESS AND COPYRIGHTS

9. Plaintiff NASCLA incorporates by reference all allegations set forth in paragraphs 1 through 8 as through full set forth herein.

10. Plaintiff NASCLA is a nonprofit organization whose purpose is to promote best practices and license uniformity for agencies that regulate the construction industry.

11. Plaintiff NASCLA contracts with many state contractor licensing and regulatory agencies for use of its copyrighted works, such as examinations, taken by persons who are applying for certification in that particular state, including the Mississippi State Board of Contractors that protects consumers by licensing and regulating Mississippi's construction industry.

12. At all times relevant hereto, Plaintiff NASCLA has been, and still is today, the owner of all rights, title and interest in its NASCLA Copyright for examinations questions.

13. In accord with NASCLA's agreement with the Mississippi State Board of Contractors, the NASCLA copyrighted exams are administered under license to a third-party testing company.

14. As part of NASCLA's mission, its tests are not disclosed to the public after they are administered and each applicant must agree as part of the NASCLA examination application to a NASCLA Examination security agreement, retake policy and affidavit (hereinafter "Security Agreement"), which among other things provides:

- As a participant taking this exam, you will have access to confidential examination material. By submitting this application and signing this form, you are agreeing to assume personal responsibility for keeping this material secure. You are also agreeing to avoid future activities that would compromise the security of the examination. The specific examination security standards with which you are required to comply are that you:

…

Must not retain or copy any examination material.

Must not discuss examination topics, including but not limited to the questions posed and/or the answers to such questions, with others

Once the examination is taken, must avoid any direct or indirect involvement in any examination-oriented review program (e.g. preparation courses, etc.) for prospective examinees of the NASCLA Accredited Examination for a period of at least two (2) years from the scheduled examination date. Prohibited activities include, but are not limited to, providing to anyone a description or explanation of one (1) or more question(s) that appeared on the exam, preparing or providing any type of review materials, making or assisting with presentations (either written of verbal) or participating or attending any seminars, meetings, lectures or similar gatherings that are examination oriented.

… (Exhibit B).

### IV.  DEFENDANTS' COPYRIGHT INFRINGEMENT AND BREACH OF AGREEMENT

15. Plaintiff NASCLA incorporates by reference all allegations set forth in paragraphs 1 through 13 as through full set forth herein.

16. Defendant LCLS is a business that prepares contractors for their state licensing exams; for example, in the State of Mississippi (Exhibit C).

17. Upon information and belief, both Defendant Ronald Squyres and Defendant Glenda Squyres have taken various NASCLA exams multiple times since 2018, including taking the NASCLA national exam containing the NASCLA Copyright, which covers Mississippi, on June 8, 2022.

18. Upon information and belief, Defendant LCLS began using, and continues to use today, the information from the NASCLA Copyright test questions and/or derivative works thereof.

19. Upon information and belief, Defendant Ronald Squyres and Defendant Glenda Squyres violated the NASCLA Security Agreement and provided NASCLA Copyright materials to LCLS.

## COUNT ONE
## DIRECT COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*
## DEFENDANT LCLS

20. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 18 as set forth herein.

21. At all times relevant hereto, Plaintiff NASCLA has been and still is the owner of valid and subsisting copyrights in, and to, the NASCLA Copyright, and is the holder of certain exclusive rights under the Copyright Act of 1976 (17 U.S.C. § 106(1), (2), (3), and (5)) to: (1) reproduce the NASCLA Copyright, (2) prepare derivative works based on the NASCLA Copyright, (3) distribute copies of the NASCLA Copyright, and (4) display the NASCLA Copyright.

22. The Defendant LCLS, through its owners, officers, employees, and/or agents, Defendant Ronald Squyres and Defendant Glenda Squyres, had access to the NASCLA Copyright by Defendant Ronald Squyres and Defendant Glenda Squyres taking the NASCLA copyrighted exams multiple times and willfully using individual questions included in the NASCLA Copyright.

23. Based on information and belief, the individual questions included in the NASCLA Copyright were first wrongfully and willfully copied, distributed, and displayed by the Defendant LCLS on or after LCLS' owners, officers, employees and/or agents, the Squyres, took the NASCLA copyrighted exams.

24. Based on information and belief, Defendant LCLS made unauthorized reproductions of the individual questions found in the NASCLA Copyright, including, but not limited, to those as shown on Exhibits D and E without the permission of Plaintiff NASCLA.

25. Based on information and belief, Defendant LCLS distributed unauthorized reproductions of the individual questions found in the NASCLA Copyright, including, but not limited to, those as shown on Exhibits D and E without the permission of Plaintiff NASCLA.

26. Based on information and belief, Defendant LCLS, displayed the same version of the individual questions found in the NASCLA Copyright including, but not limited to, those as shown on Exhibits D and E without the permission of Plaintiff NASCLA.

27. Based on information and belief, Defendant LCLS prepared derivative works based on the individual questions found in the NASCLA Copyright, including without limitation, the individual questions found in the NASCLA Copyright, including, but not limited to, those as shown on Exhibits D and E without the permission of Plaintiff NASCLA.

28. As a direct and proximate result of Defendant LCLS' infringing conduct alleged herein, Plaintiff NASCLA has been directly and indirectly damaged and is entitled to an award of statutory damages and costs, including and reasonable costs, including attorney's fee as costs, attorney's fee as costs, in an amount to be determined at trial.

29. As a direct and proximate result of Defendant LCLS' willful infringing conduct, Plaintiff NASCLA has been directly and indirectly damaged and is entitled to an award of enhanced statutory damages and costs, including reasonable attorney's fees as costs, in an amount to be determined at trial.

30. As a direct and proximate result of Defendant LCLS' infringing conduct alleged herein, Plaintiff NASCLA has been directly and indirectly damaged and is entitled to an award of its actual

damages in an amount to be proven at trial.

31. As a direct and proximate result of Defendant LCLS infringing conduct alleged herein, Defendant LCLS has realized unlawful and unjust profits, and Plaintiff NASCLA is entitled to disgorgement of Defendant LCLS' profits attributable to its infringement of the NASCLA Copyright in an amount to be proven at trial.

32. As a direct and proximate result of Defendant LCLS' infringing conduct alleged herein, Plaintiff NASCLA is entitled to injunctive relief enjoining Defendant LCLS and their employees and agents, and all other persons acting in concert with Defendants, from engaging in any further improper act from further misappropriating and/or infringing the NASCLA Copyright; impoundment of any and all physical goods or copies and merchandise, using the copyrighted individual questions of the NASCLA Copyright and/or any derivatives thereof that are within Defendant LCLS' possession, custody, or control.

33. Irreparable harm and injury to NASCLA are imminent as a result of Defendants' conduct and NASCLA is without an adequate remedy at law.

34. Pursuant to 17 U.S.C. § 505, NASCLA is entitled to an award of attorneys' fees and costs.

## COUNT TWO
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## AND/OR
## VICARIOUS COPYRIGHT INFRINGEMENT
## ALL DEFENDANTS

35. Plaintiff NASCLA incorporates by reference all allegations set forth in paragraphs 1 through 33 as though fully set forth herein

36. Plaintiff NASCLA is informed and believes that Defendants, and each of them, knowingly induced, caused, facilitated, participated in, aided and abetted, or materially contributed to and resultantly profited from the unauthorized copying, distribution, and/or creation of derivative

7

works of and from the NASCLA Copyright as alleged herein.

37. Plaintiff is informed and believes that Defendants, and each of them, are vicariously liable for the infringement alleged herein because each had the right and ability to supervise the unauthorized infringing conduct and because each received a direct financial benefit and/or interest in and/or from the infringing conduct.

38. By reason of the Defendants' and each of their acts of contributory and/or vicarious infringement as alleged above, NASCLA has suffered and will continue to suffer general and special damages to its business in an amount to be established at trial.

39. Plaintiff NASCLA is informed and believes that due to Defendants' acts of contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect financial benefit and profit they would otherwise not have realized but for their infringement of the NASCLA Copyright. As such, Plaintiff NASCLA is entitled to disgorgement of Defendants' financial benefit and/or profits directly and indirectly attributable to Defendants' infringement of the NASCLA Copyright in an amount to be established at trial.

40. Plaintiff NASCLA is informed and believes that due to Defendants' acts of contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect financial benefit and profit they would otherwise not have realized but for their infringement of the NASCLA Copyright. As such, Plaintiff NASCLA is entitled to statutory damages, directly and indirectly, attributable to Defendants' infringement of the NASCLA Copyright pursuant to 17 U.S.C. § 504(c)(1).

41. Plaintiff NASCLA is informed and believes that Defendants' actions of contributory and/or vicarious infringement of the NASCLA Copyright was willful because the Defendants', and each of them, were actually aware of the infringement or the Defendants' actions were the result of reckless disregard for or willful blindness to NASCLA's rights pursuant to 17 U.S.C. § 504(c)(2).

## COUNT THREE
## BREACH OF CONTRACT
## DEFENDANT RONALD SQUYRES AND DEFENDANT GLENDA SQUYRES

42. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 40 as though fully set forth herein.

43. Based on information and belief Defendant Ronald Squyers, as part of the application procedure to take NASCLA examinations, agreed to the NASCLA Security Agreement (Exhibit F).

44. Based on information and belief Defendant Glenda Squyers, as part of the application procedure to take NASCLA examinations, agreed to the NASCLA Security Agreement (Exhibit G).

45. Based on information and belief, Defendant Ronald Squyers and Defendant Glenda Squyers had a duty under their respective Security Agreements that each of them:

- Must keep all examination materials secure while such are in your possession and return all required examination materials to the testing proctor designated as responsible for examination material.

- Must not retain or copy any examination material.

- Must not discuss examination topics, including but not limited to the questions posed and/or the answers to such questions, with others.

- Once the examination is taken, one must avoid any direct or indirect involvement in any examination-oriented review program (e.g., preparation courses, etc.) for prospective examinees of the NASCLA Accredited Examination for a period of at least two (2) years from the scheduled examination date. Prohibited activities include, but are not limited to, providing to anyone a description of explanation of one (1) or more question(s) that appeared on the exam, preparing or providing any type of review

materials, making or assisting with presentations (either written of verbal) or participating or attending any seminars, meetings, lectures or similar gatherings that are examination oriented.

- Understand that violating the foregoing security standards can result in civil or criminal penalties, invalidation of your test score, and may result in a report to the appropriate licensing agency of such violations.

46. Based on information and belief, Defendant Ronald Squyers breached one or more of the provisions of the Security Agreement, including, but not limited to:

1) retaining or copying NASCLA examination materials,
2) discussing examination topics, including but not limited to the questions posed and/or the answers to such questions, with others, and
3) avoiding any direct or indirect involvement in any examination-oriented review program (e.g. preparation courses, etc.) for prospective examinees of the NASCLA Accredited Examination for a period of at least two (2) years from the scheduled examination date.

47. Based on information and belief, Defendant Glenda Squyers breached one or more of the provisions of the Security Agreement, including, but not limited to:

1) retaining or copying NASCLA examination materials,
2) discussing examination topics, including but not limited to the questions posed and/or the answers to such questions, with others, and
3) avoiding any direct or indirect involvement in any examination-oriented review program (e.g. preparation courses, etc.) for prospective examinees of the NASCLA Accredited Examination for a period of at least two (2) years from

the scheduled examination date.

48.     Based on information and belief, Defendant Ronald Squyers breach of the Security Agreement has caused damage to Plaintiff NASCLA to be proven at trial.

49.     Based on information and belief, Defendant Glenda Squyers breach of the Security Agreement has caused damage to Plaintiff NASCLA to be proven at trial.

50.     As a direct and proximate result of Defendant Ronald Squyers and Defendant Glenda Squyers breach of the Security Agreement and the infringing conduct alleged herein, Plaintiff NASCLA is entitled to injunctive relief enjoining Defendant LCLS from further misappropriating and/or infringing the NASCLA Copyright and to protect the public and state agencies from such; impoundment of any and all physical goods or copies and merchandise, using the copyrighted individual questions of the NASCLA Copyright and/or any derivatives thereof that are within Defendant LCLS' possession, custody, or control.

WHEREFORE, NASCLA asks this Court to enter preliminary and final orders and judgments as necessary to provide NASCLA the following requested relief:

a)  Finding Defendants jointly and severally liable for copyright infringement by virtue of Defendants' unauthorized use of the copyrighted individual questions NASCLA Copyright and/or infringing derivative works thereof;

b)  Finding NASCLA to have suffered, and to continue suffering, harm that is irreparable and otherwise without an adequate remedy at law;

c)  A permanent injunction under 17 U.S.C. §§ 502 and 503, enjoining Defendants from further infringement, including, but not limited to, the cessation of operation of Defendants' use of NASCLA Copyright;

d)  An award of statutory damages and costs, including reasonable attorney's fees as costs;

e)   Finding LCLS willfully infringed NASCLA Copyright and an award of enhanced statutory damages and costs, including reasonable attorney's fees as costs;

f)   An award of actual damages and disgorgement of profits against Defendants;

g)   An award under 17 U.S.C. § 505 allowing recovery of the full costs of this action, including NASCLA's reasonable attorneys' fees and costs; and

h)   Finding that Defendant Ronald Squyers and Defendant Glenda Squyres breached the Security Agreement;

i)   An award of the actual damages against Defendant Ronald Squyers and Defendant Glenda Squyres.

j)   Finding NASCLA to have suffered, and to continue suffering, harm that is irreparable and otherwise without an adequate remedy at law by Defendant Ronald Squyers and Defendant Glenda Squyres breached the Security Agreement;

k)   An injunction for two years against Defendant Ronald Squyers and Defendant Glenda Squyres from any direct or indirect involvement in any examination-oriented review program (e.g., preparation courses, etc.) for prospective examinees of the NASCLA Accredited Examination;

l)   An award allowing recovery of the full costs of this action;

m)   An award allowing attorney's fees for the breach of the Security Agreement in this action;

n)   An award that each Defendant has contributorily infringed the NASCLA Copyright;

o)   An award that each Defendant has vicariously infringed the NASCLA Copyright;

p)   An award against each of the Defendants that such acts of infringement were willful;

q)   A judgment that awards Plaintiff all losses of Plaintiff, the exact sum to be proven at trial, as may be available under the Copyright Act;

r)   A judgment that awards Plaintiff statutory damages as may be available under the Copyright Act;

s)   A judgment that awards Plaintiff enhanced statutory damages as may be available under the Copyright Act;

t)   A judgment that Plaintiff recover its attorneys' fees and costs of suit incurred herein as available under the Copyright Act; and

n)   Such and other relief as the Court deems appropriate.

## JURY DEMAND

NASCLA demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED, this the 2nd day of May, 2025.

> NATIONAL ASSOCIATION OF STATE CONTRACTORS' LICENSING AGENCIES, PLAINTIFF
>
> /s/ Amanda Alexander
> AMANDA ALEXANDER, MSB #101463

OF COUNSEL:
Amanda Alexander, MSB #101463
ALEXANDER LAW, P.A.
Post Office Box 1664
Jackson, Mississippi 39215-1664
Phone: 601.968.8571
Fax: 601.968.8574
Email: aga@alexanderlawpa.com
ATTORNEY FOR PLAINTIFF