**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

NATIONAL ASSOCIATION OF STATE
CONTRACTORS' LICENSING AGENCIES

      Plaintiff,

vs.                                                            **CASE NO. 5:25-cv-47-DCB-BWR**

LOUISIANA CONTRACTORS LICENSING
SERVICE, INC., RONALD SQUYRES, AND
GLENDA SQUYRES

      Defendants

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
<u>DISMISS</u>**

## TABLE OF CONTENTS

I.     INTRODUCTION...................................................................................................1

II.    THE COURT LACKS PERSONAL JURISDICTION OVER
     DEFENDANTS AND VENUE IS IMPROPERLY LAID...............................2

    *A.* *Facts Pertaining to Personal Jurisdiction over LCLS*..................................2

    *B.* *Facts Pertaining to Personal Jurisdiction over Mr. Squyres and Mrs. Squyres*..........4

    *C.* *Legal Standard*..........................................................................................4

    *D.* *The Court Lacks Jurisdiction Over the Defendants Under Mississippi's Long-arm Statute*..................................................................................................6

        1.    The Court Lacks Jurisdiction Over Mr. and Mrs. Squyres Under
           Mississippi's Long-Arm Statute ...............................................6

        2.    The Court Lacks Personal Jurisdiction Over LCLS Under
           Mississippi's Long-Arm Statute ...............................................7

    *E.* *The Exercise of Jurisdiction Over the Defendants Would Not Comport With Due Process*...................................................................................................8

        1.    General Jurisdiction Does Not Exist Over the Defendants in
           Mississippi...............................................................................9

        2.    The Court Does Not Have Specific Jurisdiction Over the Defendants. ..........10

    *F.* *Venue Is Improper in This District* ............................................................15

        1.    Venue is improper under 28 U.S.C. § 1391.................................16

        2.    Venue is improper under 28 U.S.C. § 1400(a) ............................17

        3.    Should the Court Find that Personal Jurisdiction Exists, Transfer is
           Appropriate ............................................................................18

III.   CONCLUSION ...................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                    **Page(s)**

*Admar Int'l, Inc. v. Eastrock, LLC*,
    18 F.4th 783 (5th Cir. 2021) ...................................................................................15

*Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*,
    115 Fed. Appx. 662 (5th Cir. 2004)....................................................................5, 7

*Antis v. Siriuspoint Specialty Ins. Corp.*,
    No. 1:24-cv-301-LG-RPM, 2025 U.S. Dist. LEXIS 24849 (S.D. Miss. Feb.
    11, 2025) ........................................................................................................8, 10, 14

*Brainstorm XX, LLC v. Wierman*,
    No. 4:21-CV-584-SDJ, 2022 U.S. Dist. LEXIS 171772 (E.D. Tex. Sep. 22,
    2022) .........................................................................................................................13

*Burkitt v. Flawless Records, Inc.*,
    No. 032483, 2005 U.S. Dist. LEXIS 11986, 2005 WL 6225822 (E.D. La. June
    13, 2005) ...................................................................................................................17

*Burstein v. State Bar of Cal.*,
    693 F.2d 511 (5th Cir. 1982) ....................................................................................5

*D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*,
    754 F.2d 542 (5th Cir. 1985) ....................................................................................4

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).................................................................................................9

*Def. Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022) .............................................................................18, 20

*Durham v. Katzman*,
    375 F. Supp. 2d 495 (S.D. Miss. 2005).....................................................................6

*Etienne v. Wartsila N. Am., Inc*,
    667 F. Supp. 3d 235 (S.D. Miss. 2023)...............................................................7, 12

*Francesca's Collections, Inc. v. Medina*,
    No. H-11-307, 2011 U.S. Dist. LEXIS 101510, 2011 WL 3925062 (S.D. Tex.
    Sep. 7, 2011) ......................................................................................................16, 17

*Frank v. PNK (Lake Charles) L.L.C.*,
    947 F.3d 331 (5th Cir. 2020) ...........................................................................10

*Ham v. La Cienega Music Co.*,
    4 F.3d 413 (5th Cir. 1993) ...............................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) .........................................................................................9

*Latshaw v. Johnston*,
    167 F.3d 208 (5th Cir. 1999) .............................................................................9

*Madison v. Revlon, Inc.*,
    789 F. Supp. 758 (S.D. Miss. 1991) ...................................................................7

*Mink v. AAAA Dev. L.L.C.*,
    190 F.3d 333 (5th Cir. 1999) ...........................................................................13

*Nuttall v. Juarez*,
    984 F. Supp. 2d 637 (N.D. Tex. 2013) .............................................................17

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012) ...........................................................................13

*Walden v. Fiore*,
    571 U.S. 277 (2014) .........................................................................................9

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D. Pa. 1997) .................................................................13

**Statutes**

28 U.S.C. § 1391 .................................................................................................15

28 U.S.C. § 1391(b) .............................................................................................16

28 U.S.C. § 1400(a) ......................................................................................15, 17

28 U.S.C. § 1404(a) .............................................................................................18

Miss. Code Ann. § 13-3-57 (1991) ........................................................................6

iii

## I.    INTRODUCTION

The National Association of State Contractors' Licensing Agencies ("NASCLA" or "Plaintiff") accuses Defendants Louisiana Contractors Licensing Service, Inc. ("LCLS"), Ronald Squyres ("Mr. Squyres"), and Glenda Squyres ("Mrs. Squyres") (collectively, the "Defendants") of direct copyright infringement, vicarious and/or contributory copyright infringement, and breach of contract. *See* Dkt. 1 (the "Complaint"). This Court lacks personal jurisdiction over any of the Defendants and venue has been improperly laid. The Court should dismiss the Complaint. Alternatively, the Court should transfer this action to the Middle District of Louisiana.

This Court should dismiss Plaintiff's Complaint for two reasons. *First,* this Court lacks personal jurisdiction over the Defendants. LCLS is a Louisiana corporation, Mr. and Mrs. Squyres are Louisiana residents, and Plaintiff has failed to plead that Defendants have *any* of the hallmark contacts with Mississippi that would satisfy Mississippi's long-arm statute or due process. Plaintiffs' broad, conclusory jurisdictional allegations fall well short of the threshold required to show that the court's exercise of its jurisdiction over Defendants is proper. Deficiencies aside, LCLS' isolated, sporadic, and *de minimis* sales to Mississippi do not constitute minimum contacts with Mississippi.

*Second*, venue is improper for the same reasons personal jurisdiction does not exist and because Plaintiffs have failed to plead facts demonstrating that personal jurisdiction exists over the Defendants *in this district*. If the Court should find that personal jurisdiction exists, the Court should transfer this action to the Middle District of Louisiana in the interests of justice, judicial economy, and convenience.

1

The Complaint should be dismissed in its entirety, with all costs assessed against the Plaintiffs, together with reasonable attorney fees.

## II.    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS AND VENUE IS IMPROPERLY LAID

### A.    *Facts Pertaining to Personal Jurisdiction over LCLS*

LCLS is and at all relevant times has been a Louisiana limited liability company located in Baton Rouge, Louisiana. *See* Ex. 1, Declaration of Ronald T. Squyres ("RTS Decl.") at ¶¶ 3-4. All of LCLS's officers reside in Louisiana and none maintain any residence in Mississippi. *Id.* ¶ 5. LCLS is not registered with the Office of the Secretary of State of Mississippi, does not have any facilities in Mississippi, does not have any offices in Mississippi, does not maintain any mailing addresses in Mississippi, does not own any property in Mississippi, does not rent any property in Mississippi, does not have any bank accounts in Mississippi, does not have any employees in Mississippi, and does not maintain any agents in Mississippi. *Id.* ¶¶ 6-14. LCLS' officers do not travel to Mississippi to promote LCLS' products. *Id.* ¶ 34-35; Declaration of Glenda L. Squyres ("GLS Decl."), ¶¶ 10-11.

According to Plaintiff's website, Plaintiff designed the NASCLA Accredited Examination Program (the "Program") to function as a standardized licensure examination program that is accepted in multiple jurisdictions. *See* Declaration of Hugh A. Warren ("HAW Decl."), ¶ 2, Ex. 3A. According to Plaintiff's website, the Program offers two general exam classifications: the NASCLA Accredited Examination for Commercial General Building Contractors (the "General Building Exam") and the NASCLA Accredited Electrical Examination Program (the "Electrical Program") *See Id.*

2

Neither the General Building Exam nor the Electrical Program exams are state specific. They are multi-state exams. RTS Decl. ¶ 17. According to Plaintiff's website, twenty (20) state agencies participate in and accept the General Building Exam. The jurisdictions that accept the General Building Exam include:

> California, Oregon, Nevada, Utah, Arizona, New Mexico, Arkansas, Louisiana, Mississippi, Tennessee, Alabama, Florida, Georgia, South Carolina, North Carolina, Virginia, West Virginia, and the U.S. Virgin Islands

(*see* Ex. 1-D). Seventeen (17) state agencies participate in and accept the Electrical Program. The jurisdictions that accept the Electrical Program include:

> Idaho, Utah, Arizona, New Mexico, Nebraska, Missouri, Louisiana, Mississippi, Tennessee, Kentucky, Alabama, Florida, South Carolina, North Carolina, Virginia, West Virginia, and Washington, D.C

*See* RTS Decl., ¶¶ 17-19; Exs. 1A and 1B.

LCLS offers examination preparation products and services for the General Building Exam and the Electrical Exam Program. LCLS offers both in-person seminars and at-home (online) exam preparation courses. LCLS offers its in-person courses solely from its office in Baton Rouge, Louisiana. RTS Decl., ¶ 16. Consistent with the multi-state nature of the General Building Exam and the Electrical Exam, LCLS' exam preparation courses similarly are not jurisdiction specific. That is, they are not targeted toward one specific state or jurisdiction of the United States, for example, Mississippi. *Id.*, ¶ 20. Over the past six years, since 2019, LCLS has received a total of five (5) orders for its NASCLA exam preparation courses originating from addresses in Mississippi. *Id.*, ¶ 21.

State contractor licensing and regulatory agencies also require applicants seeking licensure

3

to take a jurisdiction specific Law and Business Management Exam. *Id.*, ¶ 22. Each Law and Business Management Exam is administered through its respective state agency. *Id.*; Ex. 1C. NASCLA does not administer Law and Business Management Exams. RTS Decl., ¶ 22; Ex. 1C.

LCLS offers Law and Business Management Exam preparation materials for various states' examinations, including, for example, Louisiana, Mississippi, South Carolina, and Tennessee. RTS Decl., ¶ 24. Since 2019, LCLS has received three (3) orders for its Mississippi Law and Business Management Exam preparation course. RTS Decl., ¶ 25. Two of the three orders originated from addresses outside of Mississippi. *Id*. The third order originated from the same address as one of the orders of LCLS' NASCLA exam prep course referenced above. *Id*.

### B. *Facts Pertaining to Personal Jurisdiction over Mr. Squyres and Mrs. Squyres*

Defendants Mr. Squyres and Mrs. Squyres are and at all relevant times have been residents of Baton Rouge, Louisiana. RTS Decl., ¶ 27; GLS Decl., ¶ 3. They have never resided in Mississippi. RTS Decl., ¶ 28; GLS Decl., ¶ 4. They do not maintain any mailing addresses in Mississippi, they do not own any property in Mississippi, they do not rent any property in Mississippi, and neither do they possess any bank accounts in Mississippi. RTS Decl., ¶¶ 29-32; GLS Decl., ¶¶ 5-8. Neither are registered to vote in Mississippi. RTS Decl., ¶ 33; GLS Decl., ¶ 9. They have never traveled to Mississippi for the purpose of advertising, promoting, or selling LCLS' examination preparation products or services, and they have never moderated or conducted LCLS' in-person courses in Mississippi. RTS Decl., ¶¶ 34-35; GLS Decl., ¶¶ 10-11.

### C. *Legal Standard*

"The party who seeks to invoke the jurisdiction of the federal court bears the burden of establishing the district court's jurisdiction over the nonresident." *D.J. Investments, Inc. v. Metzeler*

*Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545-46 (5th Cir. 1985). Bare allegations in the face of specific denials supported by an affidavit or declaration will not suffice to meet a plaintiff's burden on a motion to dismiss for lack of personal jurisdiction. *See Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 666 (5th Cir. 2004) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) for the proposition that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

In the absence of a controlling federal statute regarding service of process, the Court must "determine whether the long-arm statue of the forum state permits exercise of jurisdiction" and "then determine whether such exercise comports with due process." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (citing Fed. R. Civ. P. 4(e-f) and *Aviles v. Kunkle*, 978 F.2d 201 (5th Cir. 1992)). As the Copyright Act does not allow for national service of process, *see Burstein v. State Bar of Cal.*, 693 F.2d 511, 514 (5th Cir. 1982), Mississippi's long-arm statute controls the exercise of personal jurisdiction.

Here, Plaintiff's jurisdictional allegations are nothing more than the "conclusory allegations or legal conclusions masquerading as factual conclusions" that "will not suffice to prevent a motion to dismiss." The Complaint is devoid of any factual allegations demonstrating that LCLS has *any* of the hallmark contacts with Mississippi that would satisfy Mississippi's long-arm statute or due process. Plaintiff has not met its burden to establish that jurisdiction over the Defendants in Mississippi is proper. The Court should dismiss the Complaint.

5

**D. The Court Lacks Jurisdiction Over the Defendants Under Mississippi's Long-arm Statute**

Mississippi's long-arm statute states that a court can exercise personal jurisdiction over a non-resident corporation who: (1) makes a contract with a resident to be performed in whole or in part by any party in Mississippi; (2) commits a tort in whole or in part in Mississippi against a resident or nonresident; or (3) does any business or performs "any character of work or service in this state." Miss. Code Ann. § 13-3-57 (1991).

**1. The Court Lacks Jurisdiction Over Mr. and Mrs. Squyres Under Mississippi's Long-Arm Statute**

Mississippi's long-arm statute is not satisfied with respect to Mr. and Mrs. Squyres. To establish the "contract" prong of the Mississippi long-arm statute, NASCLA must show that Mr. and Mrs. Squyres entered into a contract with a Mississippi resident which has been, or is to be, performed, at least in part, by any party in Mississippi. *See Durham v. Katzman*, 375 F. Supp. 2d 495, 497 (S.D. Miss. 2005) (citing *Miller v. Glendale Equipment & Supply Co.*, 344 So.2d 736, 738 (Miss. 1977)). Plaintiffs have failed to plead any facts demonstrating or suggesting that either Mr. Squyres or Mrs. Squyres entered into any contract with a Mississippi resident which has been or is to be performed in any way, shape, or form in Mississippi. The only alleged contracts (i.e., the "NASCLA Security Agreement") Mr. and Mrs. Squyres entered into were with Plaintiff—an Arizona non-profit organization. *See* Complaint at ¶ 43-44. Plaintiff pleads no facts demonstrating those alleged contracts were to be performed in whole or in part in Mississippi. The first condition is not satisfied.

The tort prong does not apply here, as this case involves allegations of copyright infringement and breach of contract. Moreover, Plaintiff has failed to plead *any* facts

6

demonstrating that its claims arise out of any conduct that occurred in Mississippi. Therefore, the second condition is not satisfied.

Finally, Plaintiff has failed to plead facts that satisfy the doing-business prong. Neither Mr. Squyres nor Mrs. Squyres does business or performs any character of work in Mississippi, much less any business or work with a cognizable nexus to Plaintiffs' claims. *See* RTS Decl., ¶¶ 34-35; GLS Decl., ¶¶ 10-11. *See Madison v. Revlon, Inc.*, 789 F. Supp. 758, 760 (S.D. Miss. 1991) (citing *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 620 (5th Cir. 1989)). Plaintiff merely alleges that "all Defendants are conducting business in and having continuous and systematic contacts with the State of Mississippi" (Complaint, ¶ 7) without any supporting factual allegations. This jurisdictional allegation amounts to little more than the "conclusory allegations or legal conclusions masquerading as factual conclusions" and is deficient at a matter of law. *See Am. Realty Trust, Inc.*, 115 Fed. Appx. at 666. Accordingly, the Court should dismiss Plaintiffs' claims for lack of personal jurisdiction over Mr. Squyres and Mrs. Squyres.

### 2. The Court Lacks Personal Jurisdiction Over LCLS Under Mississippi's Long-Arm Statute

Similarly, the contract and tort prongs do not apply to LCLS for the same reasons as discussed above. Plaintiffs have also failed to satisfy the doing-business prong with respect to LCLS for similar reasons as with respect to Mr. and Mrs. Squyres. To establish the doing-business prong, Plaintiff must plead facts that LCLS "has performed various acts in Mississippi 'for the purpose of thereby realizing a pecuniary benefit,' like selling to Mississippians online, soliciting investments from Mississippians, and holding meetings in Mississippi." *Etienne v. Wartsila N.*

*Am., Inc*, 667 F. Supp. 3d 235, 243 (S.D. Miss. 2023) (quoting *Adara Networks Inc. v. Langston*,

301 So. 3d 618, 625 (Miss. 2020)).

Plaintiff fails to plead any facts that LCLS conducts business in Mississippi. Plaintiff

simply avers that "all Defendants are conducting business . . . with the State of Mississippi"

(Complaint, ¶ 7) and that "LCLS . . . prepares contractors for their state licensing exams; for

example, in the State of Mississippi" while citing to an Exhibit that allegedly represents LCLS'

website. Complaint, ¶ 16. The Court should "not credit conclusory allegations." *Antis v. Siriuspoint*

*Specialty Ins. Corp.*, No. 1:24-cv-301-LG-RPM, 2025 U.S. Dist. LEXIS 24849, at *13 (S.D. Miss.

Feb. 11, 2025). The mere allegation of the existence of LCLS' website is insufficient, by itself, to

establish that LCLS is "doing business" in Mississippi for purposes of Mississippi's long-arm

statute. Even if the Court finds LCLS is "doing business" by virtue of its sporadic and *de minimis*

sales in Mississippi, exercising personal jurisdiction over LCLS would not be permissible under

the Fourteenth Amendment.

### E.  *The Exercise of Jurisdiction Over the Defendants Would Not Comport With Due Process*

Even assuming that Mississippi's long-arm statute somehow reaches Defendants, the

exercise of jurisdiction over Defendants would not comport with the limits imposed by the Due

Process Clause of the Fourteenth Amendment.

For the exercise of personal jurisdiction over a nonresident defendant to be constitutionally

proper, a plaintiff must demonstrate:

> (1) that defendant has purposefully availed himself of the benefits
> and protections of the forum state by establishing 'minimum
> contacts' with the forum state; and (2) the exercise of jurisdiction
> over that defendant does not offend 'traditional notions of fair play

8

and substantial justice.'"

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "To comport with due process, the defendant's conduct in connection with the forum state must be such that he 'should reasonably anticipate being haled into court' in the forum state." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two types of personal jurisdiction: general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). General jurisdiction permits a court to assert jurisdiction over a defendant based on contacts with the forum state that are unrelated to the action. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). General personal jurisdiction exists when an entity maintains "continuous and systematic" contacts with the forum state, such as having a place of business in the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). In contrast, specific personal jurisdiction applies when a given claim "is related to or 'arises out of'" the activities of the defendant and their contacts with the forum state. *Id.* at 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Here, the exercise of either general or specific jurisdiction would not comport with due process.

### 1.  <u>General Jurisdiction Does Not Exist Over the Defendants in Mississippi.</u>

Defendants are subject to general jurisdiction only when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Moreover, Defendants are subject to general jurisdiction only when these "continuous and systematic" contacts "approximate physical presence" in the forum.

*Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 339 (5th Cir. 2020).

Plaintiffs have not—and cannot—plead any facts that Defendants are subject to general jurisdiction in the State of Mississippi. Defendants have no presence in Mississippi and no contacts with Mississippi that approximate physical presence in the state. LCLS' sporadic, *de minimis*, and insubstantial commercial activity in Mississippi does not amount to "continuous and systematic" contacts.

### 2.   <u>The Court Does Not Have Specific Jurisdiction Over the Defendants.</u>

The Fifth Circuit applies a three-step test to determine specific personal jurisdiction:

> (1) minimum contacts by the defendant purposefully directed at the forum state; (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable

*Antis*, 2025 U.S. Dist. LEXIS 24849, at *8 (quoting *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012)).

#### (i)  *The Court does not have specific jurisdiction over Mr. and Mrs. Squyres*

Even assuming that Mr. and Mrs. Squyres fall within Mississippi's long-arm statute, an exercise of personal jurisdiction would be inconsistent with due process. Plaintiffs fail to allege any facts demonstrating that Mr. and Mrs. Squyres purposefully did any act or consummated any transaction in Mississippi out of which Plaintiff's causes of action arise. They have never traveled to Mississippi for the purpose of advertising or selling LCLS' examination preparation products or services, and they have never moderated or conducted LCLS' in-person courses in Mississippi. RTS Decl., ¶¶ 34-35; GLS Decl., ¶¶ 10-11.

Plaintiff's jurisdictional allegations are deficient of any facts demonstrating that Mr.

Squyres or Mrs. Squyres have established sufficient minimum contacts with Mississippi that give rise to Plaintiff's claims. Instead, Plaintiff appears to supplement this deficiency by alleging that "both Defendant Ronald Squyres and Defendant Glenda Squyres have taken various NASCLA exams multiple times since 2018, including taking the NASCLA national exam containing the NASCLA Copyright, which covers Mississippi, on June 8, 2022." Complaint, ¶ 17. Defendants interpret the phrase "NASCLA national exam containing the NASCLA Copyright" to mean the NASCLA Accredited Electrical Examination Program.[1]

This allegation is ambiguous and confusingly worded. On the one hand, Plaintiff appears to allege that specific jurisdiction exists over Mr. and Mrs. Squyres because they allegedly took the "NASCLA national exam . . . which covers Mississippi" (i.e., Mississippi accepts the NASCLA national exam, Mr. and Mrs. Squyres took the exam in an *unspecified* and *unpled* jurisdiction, ergo personal jurisdiction exists over Mr. and Mrs. Squyres in Mississippi). On the other hand, this allegation could be taken to mean that specific jurisdiction exists over Mr. and Mrs. Squyres because the "NASCLA Copyright . . . covers Mississippi" (i.e., a copyright registration confers nationwide presumptive rights, including in Mississippi, ergo Mr. and Mrs. Squyres are subject to specific jurisdiction in Mississippi because they allegedly infringed the NASCLA Copyright). Either premise is erroneous.

-------

[1] Defendants' interpretation is founded on the following: the allegedly copyrighted NASCLA exam question Plaintiff asserts in the Complaint depicts a corner-grounded delta transformer. *See* Dkt. 1-5; RTS Decl., ¶ 36. This question would not appear on the General Building Exam. *Id.* Thus, Defendants take Plaintiff's use of the phrase "NASCLA national exam containing the NASCLA Copyright" to mean the Electrical Examination Program.

The NASCLA Electrical Exam Program is accepted by seventeen state agencies. RTS Decl., ¶ 17; Ex. 1A. At least nine of those state agencies also administer the Electrical Exam Program. *Id*. That means that there are nine jurisdictions in which test-takers may take the NASCLA Electrical Exam. Plaintiff fails to plead that Mr. and Mrs. Squyres actually took the exam in Mississippi. Instead, Plaintiff weaponizes the multi-state nature of the exam by alleging that this characteristic should confer specific jurisdiction in any accepting state regardless of where an exam was actually taken. Due process does not support such a proposition.

Further, that Plaintiff's alleged U.S. copyright registration confers presumptive nationwide rights (which Defendants do not concede are valid) does not give Plaintiff carte blanche to bring suit in Mississippi without showing more. Were it otherwise, the nationwide reach of a copyright registration would confer personal jurisdiction over Mr. and Mrs. Squyres in any district in the United States, regardless of whether any acts were directed at the forum itself. That would neither be fair nor reasonable.

Plaintiff also appears to supplement its deficient jurisdictional allegations by describing its arrangement with the Mississippi State Board of Contractors and a third-party testing company. *See* Complaint, ¶¶ 11, 13. That is not the correct standard. "[J]urisdiction relies on the 'relationship among the defendant, the forum, and the litigation,' not the actions of the plaintiff or third parties." *Etienne v. Wartsila N. Am., Inc*, 667 F. Supp. 3d 235, 252 (S.D. Miss. 2023) (quoting *Walden v. Fiore*, 571 U.S. 277, 291 (2014). That Plaintiff "contracts with" and has an "agreement with the Mississippi State Board of Contractors" under which the allegedly copyrighted NASCLA exams are "administered" by a third-party testing company in Mississippi (Complaint, ¶¶ 11, 13) is not sufficient to confer specific jurisdiction over Mr. or Mrs. Squyres.

12

Because Plaintiff has failed to allege that Mr. Squyres or Mrs. Squyres has sufficient minimum contacts with Mississippi, the exercise of personal jurisdiction would not be fair or reasonable. The Court should dismiss Plaintiff's claims with respect to Mr. and Mrs. Squyres for lack of personal jurisdiction.

### (ii) The Court Does Not Have Specific Jurisdiction Over LCLS

The Fifth Circuit has adopted the test set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1126 (W.D. Pa. 1997) to determine whether a defendant has purposefully availed itself of the forum state through its internet presence. *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999). The Fifth Circuit and district courts within the circuit "routinely hold that sporadic internet sales are the type of isolated contacts that do not establish the defendant's purposeful availment of the privilege of doing business in the forum state" under the *Zippo* test. *Brainstorm XX, LLC v. Wierman*, No. 4:21-CV-584-SDJ, 2022 U.S. Dist. LEXIS 171772, at *10 (E.D. Tex. Sep. 22, 2022) (citing *Admar Int'l, Inc. v. Eastrock, LLC*, 18 F.4th 783, 788 n.1 (5th Cir. 2021) and *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 228 (5th Cir. 2012) ("A corporation's sales to forum residents [through an interactive website] must be more than 'isolated' occurrences for the assertion of jurisdiction to satisfy the requirements of due process.") (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 n.18 (1985) ("Some single or occasional acts" related to the forum may not be sufficient to establish jurisdiction if [they] create only an attenuated affiliation with the forum.") (quotations and citation omitted))).

In *Pervasive*, the Fifth Circuit held that fifteen internet sales over the course of four years were too isolated to support personal jurisdiction over the defendant. Here, too, LCLS' <u>five</u> sales over the past <u>six</u> years to customers having Mississippi addresses are too isolated and sporadic to

13

support personal jurisdiction over LCLS. *See Brainstorm XX, LLC*, 2022 U.S. Dist. LEXIS 171772, at *10 ("[Defendant's] isolated internet sales [of two products] . . . fall short of demonstrating his purposeful availment of Texas law.").

Apart from the allegation that LCLS "prepares contractors for their state licensing exams; for example, in the State of Mississippi," (Complaint, ¶ 16) Plaintiff does not allege facts that LCLS' website specifically targets Mississippi residents. *See Antis*, 2025 U.S. Dist. LEXIS 24849, at *11 (S.D. Miss. Feb. 11, 2025) (quoting *Admar*, 18 F.4th at 787 ("Missing here is any showing that [Defendant's] website specifically targets [the forum].")). Nor can it—neither LCLS' website nor its exam prep courses are tailored specifically to Mississippi residents. RTS Decl., ¶ 20.

The NASCLA exams are multi-state exams with broad geographic applicability—a feature that, according to Plaintiff, "reduce[s] redundant licensing requirements" for "contractors who need to be licensed in multiple jurisdictions." Ex. 3A. Just as the NASCLA exams are not tailored for a specific jurisdiction, LCLS' prep courses are not either. RTS Decl., ¶ 20. A licensed contractor residing in Ferriday, Louisiana, or St. Francisville, or Dallas, or Little Rock, looking to expand into Mississippi would find the same utility in LCLS' courses as he or she would if seeking licensure in Georgia, or Virginia, or California, for example. A Mississippi-specific NASCLA exam prep course would be of no utility to this hypothetical customer, which is why LCLS does not offer NASCLA exam prep courses exclusively curated for or directed to Mississippi.

The non-forum-specific nature of LCLS's website and products is further demonstrated by the fact that two of the three orders LCLS has received for its Mississippi Law and Business Management Exam prep course have been from customers outside Mississippi. *See* RTS Decl., ¶¶ 25-26. While Plaintiff's claims do not arise out of this portion of LCLS' website, evidence of

14

LCLS' sales *outside* of Mississippi is nonetheless strong evidence that LCLS' website does not specifically target Mississippi residents.

LCLS' website does not distinguish Mississippi from any other state, and, in any event, Plaintiff fails to plead otherwise. Likewise, Plaintiff does not assert that LCLS has any offices, retail space, or agents in Mississippi. Nor does Plaintiff allege that LCLS sends its officers or agents to Mississippi for the purpose of soliciting business or advertising and promoting LCLS' products. None of Plaintiff's allegations indicate that LCLS' website amounts to a "virtual store" in Mississippi. Deficiencies aside, LCLS' only contacts with Mississippi are less than minimal: they are sporadic, insubstantial, and *de minimis*. These isolated, sporadic sales fall short of demonstrating LCLS' purposeful availment of Mississippi law.

The exercise of jurisdiction over Defendants would not be fair or reasonable. "To hold otherwise would be too much." *Admar*, 18 F.4th at 788 ("[A] defendant does not have sufficient minimum contacts with a forum state just because its website is accessible there.") (holding that delivering one allegedly infringing product to the forum state did not constitute minimum contacts). If LCLS has minimum contacts with Mississippi based on Plaintiff's allegations, then it has minimum contacts with all 50 states. That would be neither fair nor reasonable. The Court should dismiss the Complaint with respect to LCLS.

## F.  *Venue Is Improper in This District*

Venue is improper under 28 U.S.C. § 1391 for Plaintiff's breach of contract claim, and under 28 U.S.C. § 1400(a) for Plaintiff's copyright claims.

1.  **Venue is improper under 28 U.S.C. § 1391**

The general venue statute, 28 U.S.C. § 1391, governs Plaintiff's breach of contract claim against Mr. Squyres and Mrs. Squyres. Section 1391 provides that a civil action may be brought in a judicial district where (1) any defendant resides if all are residents of the State in which the district is located, (2) where a substantial part of the events, omissions, or property giving rise to the claim are located, or (3) if no other district is appropriate, any district where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b).

Under subsection (1), the Middle District of Louisiana is an appropriate venue. Mr. and Mrs. Squyres reside in Baton Rouge, Louisiana, and LCLS is headquartered in Baton Rouge. Because subsection (1) is satisfied, subsection (3) is inapplicable.

Plaintiffs have failed to plead that subsection (2) applies. Other than conclusory allegations, Plaintiffs have not pled any facts demonstrating that a substantial part of the events giving rise to its breach of contract claim occurred in the Southern District of Mississippi. Indeed, Plaintiff's only allegations that could remotely be construed as addressing venue (discussed above with respect to specific jurisdiction over Mr. and Mrs. Squyres) fail as a matter of law.

Plaintiff's alleged U.S. copyright registration does not give Plaintiff carte blanche to bring suit in any judicial district in which it pleases. Nor does the fact that the NASCLA national exam is accepted in, or "covers," Mississippi. Were it otherwise, venue would be proper in any district in the United States, regardless of whether any acts were directed at the forum itself. "This would stretch the notion of venue far beyond its accepted bounds." *Francesca's Collections, Inc. v. Medina*, No. H-11-307, 2011 U.S. Dist. LEXIS 101510, at *7, 2011 WL 3925062 (S.D. Tex. Sep. 7, 2011) (citing *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). Without

16

more, Plaintiff has failed to demonstrate that venue is proper in the Southern District of Mississippi under subsection (2) with regards to Plaintiff's breach of contract claim against Mr. and Mrs. Squyres.

### 2.  <u>Venue is improper under 28 U.S.C. § 1400(a)</u>

Venue for a copyright infringement claim is governed exclusively by a provision of the Copyright Act, which provides that infringement claims may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 645 (N.D. Tex. 2013) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966)). A defendant "resides" for venue purposes in the district of his residence or legal domicile. *Burkitt v. Flawless Records, Inc.*, No. 032483, 2005 U.S. Dist. LEXIS 11986, 2005 WL 6225822, at *5 (E.D. La. June 13, 2005). The district in which a Copyright Act defendant may be "found" is coextensive with a court's jurisdictional reach over the defendant's person. *Id.* "The venue inquiry is conducted as if the district were its own state." *Nuttall*, F. Supp. 2d at 645.

Venue is not proper in this district with respect to Plaintiff's copyright claims. Plaintiffs have failed to plead any facts demonstrating that Defendants have sufficient minimum contacts in Mississippi, much less in this district, that give rise to Plaintiff's copyright infringement claims. Plaintiff has failed to plead facts that Defendants sold allegedly infringing exam preparation courses in the Southern District, or any facts demonstrating that Defendants otherwise interacted with the district or conducted commercial activity within the district. *See Francesca's Collections, Inc.*, 2011 U.S. Dist. LEXIS 101510, at *7 ("[T]he mere presence of an interactive website is insufficient to confer venue where, as here, a plaintiff presents no evidence of actual interactivity within the district, nor of sales, shipments, or any other commercial activity within the district.").

17

Plaintiff has thus not pled any facts demonstrating that a substantial part of the events giving rise to its claims occurred in this district. Venue is therefore not proper as to Plaintiff's copyright infringement claims.

**3.** **Should the Court Find that Personal Jurisdiction Exists, Transfer is Appropriate**

Should the Court find that personal jurisdiction exists over at least one of the Defendants in this district, plaintiff respectfully requests the Court exercise its discretion and transfer this action to the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a). Plaintiff has not pled any facts demonstrating that any of the operative events underlying this action occurred in this district, and several factors counsel toward a transfer to a more convenient forum.

"A party seeking a transfer under Section 1404(a) must show good cause by clearly demonstrat[ing] that a transfer is [f]or the convenience of parties and witnesses, in the interest of justice." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (cleaned up). "Courts are required to assess four private interest factors and four public interest factors pertinent to a transfer motion." *Id*. (citing *In re Volkswagen of Am., Inc*, 545 F.3d 304, 315 (5th Cir. 2008)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id*. (quoting *In re Volkswagen* at 315). "The public interest factors bearing on transfer are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the

application of foreign law.'" *Id.* (quoting *In re Volkswagen* at 315).

The balance of the parties' private interests predominates in favor of the action being transferred to the Middle District of Louisiana. Mr. and Mrs. Squyres are residents of Baton Rouge, Louisiana, and LCLS is headquartered in Baton Rouge. A transfer to the Middle District of Louisiana would provide easier access to sources of proof and would lower the cost of attendance for Defendants. The sources of proof—Mr. and Mrs. Squyres, and LCLS—are all in Baton Rouge, Louisiana. Moreover, the Middle District of Louisiana is clearly more convenient than the Southern District of Mississippi for Defendants. Defendants' home and business addresses are approximately ten (10) miles from the federal courthouse, whereas Defendants will be required to travel almost 100 miles to the federal courthouse in Natchez. *See* HAW Decl., ¶¶ 3-4.

Plaintiff—an Arizona non-profit corporation—does not reside in Mississippi. Convenience is therefore less likely to be Plaintiff's primary motivation for initiating this action in this district. Whatever Plaintiff's motive, "other practical problems that make trial of a case easy, expeditious and inexpensive" counsel in favor of transfer. It is difficult to imagine that Mississippi is any more convenient to Plaintiff than Louisiana. There are no major airports servicing flights from Arizona within an 80-mile radius of Natchez. HAW Decl., ¶ 5. The airports nearest to Natchez are located in Baton Rouge, Louisiana and Alexandria, Louisiana. *Id.* Plaintiff would therefore likely need to fly into either Baton Rouge or Alexandria from Arizona before making the over 90-minute drive to Natchez. *See Id.* The Baton Rouge Metropolitan Airport is approximately six miles from the federal courthouse in Baton Rouge. *Id.*, ¶ 6. A transfer to the Middle District of Louisiana would lead to a more "expeditious and inexpensive" trial by obviating the "practical problems" of redundant travel *through* Louisiana to Natchez.

The balance of the public interest factors also counsels toward a transfer to the Middle District of Louisiana. Most notably, where Plaintiff has failed to plead that *any* of the operative facts underlying Plaintiff's claims occurred in Mississippi, much less this district, Mississippi has little interest deciding a case with pleadings that fail to specify that the locus of the operative events occurred there. *See Bruck*, 30 F.4th at 435 (holding that the local interest factor focuses on "the significant connections between a particular venue and the events that gave rise to a suit"). "Important considerations include the location of the injury, witnesses, and the Plaintiff's residence." *Id*. Because Plaintiff fails to allege the "location of the injury," the Court must look to the location of the witnesses and the Plaintiff's residence. Both favor transfer. The witnesses are located in Arizona and Louisiana. Plaintiff's residence (Arizona) affects the calculus only to the extent that a transfer would mitigate travel expenses.

## III.    CONCLUSION

Plaintiffs have failed to demonstrate that Defendants have sufficient minimum contacts with Mississippi such that the exercise of specific personal jurisdiction would be proper. The Complaint contains no alleged facts demonstrating any connection between Plaintiffs' claims and Defendants' activities in Mississippi such that this Court's exercise of personal jurisdiction comports with due process. To the contrary, hauling a Louisiana-based company into court in Mississippi would offend "traditional notions of fair play and substantial justice." This Court should not allow Plaintiffs to circumvent these protections via improper forum shopping.

The Complaint should be dismissed in its entirety, with all costs assessed against the Plaintiffs, together with reasonable attorney fees.

Dated: June 2, 2025

Respectfully Submitted,

*/s/ Hugh A. Warren*
**W. Whitaker Rayner** (MS Bar No. 4666)
**Hugh A. Warren** (MS Bar No. 106711)
Jones Walker LLP
3100 N. State St., Ste. 300
Jackson, MS 39216
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
Emails:    wrayner@joneswalker.com
           hwarren@joneswalker.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been electronically filed in the Court's CM/ECF system and has been served by email on all counsel of record on June 2, 2025.

*/s/ Hugh A. Warren*

Hugh A. Warren

21